UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON WALTON, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 14-4049 |
| NATHAN COX, et.al., | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

This cause is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The plaintiff, a *pro se* prisoner, originally filed his lawsuit pursuant to 28 U.S.C. §1983 against eight defendants at the East Moline Correctional Center including Correctional Officers Nathan Cox, Gary West, Anastasia Wierema and Jorge Topia; Warden Todd Van Wolveleare, Administrative Review Board Member John Doe, Sherry Benton and Nurse Jane Doe. The faint print in the plaintiff's complaint was difficult to decipher. However, it appeared most of his claims centered on a disciplinary ticket he received at East Moline Correctional Center. During a telephone merit review hearing, the plaintiff was admonished that he may not be able to proceed with his claims unless the disciplinary ticket had been overturned. See *Heck v Humphrey*, 512 U.S. 477 (1994). Nonetheless, since the plaintiff's complaint was difficult to decipher, the court was going to allow the plaintiff additional time to clarify his claims. The plaintiff has already taken the opportunity by filing a motion for leave to file an amended complaint.[7] The motion is granted.

The court must still review the claims in the plaintiff's amended complaint. The plaintiff has identified the same defendants that were listed in his original complaint. The plaintiff says on July 18, 2013, he asked defendant Cox for some ice, but the officer refused and told the plaintiff to return to his room. The plaintiff says the officer was allowing white inmates to have ice, so he refused to return to his room and asked to speak to a Lieutenant. When defendant West arrived, the plaintiff repeated his complaint, but the officer told him to cuff up. The plaintiff says he complied with the

officer's order, but he also called the officer a derogatory name.

In retaliation for his complaints, the plaintiff says he received a disciplinary ticket for assaulting an officer, intimidation and threats and dangerous communications. Officer West claimed the plaintiff head-butted him causing injury and Nurse Jane Doe lied when she confirmed the injury. The plaintiff was found guilty of all three charges and lost good time credits as a result. In addition, the plaintiff was criminally charged with Aggravated Battery. It appears there was some confusion with the disciplinary ticket since both defendant West and defendant Cox wrote disciplinary reports against the plaintiff and he was found guilty of both tickets. However, when the plaintiff wrote a grievance, one of the tickets was expunged. The plaintiff was also found not guilty of Aggravated Battery after a bench trial. Therefore, there was only one ticket remaining which resulted in the loss of good time credits.

The plaintiff claims the defendants retaliated against him for complaining and violated his due process rights. As the court has mentioned, the plaintiff's claims concerning the disciplinary ticket are barred by *Heck,* 512 U.S. 477 (1994). When a state prisoner seeks damages in a §1983 suit, and a judgment in his favor "would necessarily imply the invalidity of his conviction or sentence," the claim is barred by *Heck* unless the prisoner can show the conviction or sentence has been expunged. This holding has been extended to judgment in prison disciplinary proceedings. *Edwards v. Balisok*, 520 U.S. 641 (1997). The plaintiff has not demonstrated that the original disciplinary ticket was expunged. In addition, the plaintiff is claiming the charges were fabricated in retaliation for his complaints. Therefore, the plaintiff is clearly challenging the validity of the disciplinary ticket and the committee's finding of guilt. *See Clayton-El v. Fisher*, 96 F.3d 236, 242-45 (7th Cir. 1996)(a prisoner's Sec. 1983 claim against prison officials for alleged violations of procedural due process when placing the prisoner in segregation was *Heck* barred); *Dixon v Chrans*, 101 F.3d 1128, 1230-31 (7th Cir. 1996)(a claim for damages that necessarily questions the sentence imposed by a prison disciplinary committee is barred by *Heck*); *Parker-Bey v. Taylor*, 2011 WL 837783 at 2 (S.D.Ill March 5, 2011)( "[T]he court cannot entertain a prisoner's collateral attack in the form of a damages suit under Section 1983 on prison disciplinary sentences that have not been invalidated.") *see also Newsome v Wexford Health Services,* 2007 WL 581212 at 7 (C.D.Ill. Feb. 20, 2007)("Since the plaintiff is claiming the tickets were false and based on retaliatory action by the defendants, these claims are barred by *Heck*); *Wilson v Vannatta,* 291 F.Supp. 811, 818 (N.D. Ind. 2003)(*Heck* bars retaliation claim based on false ticket); *Boyd v Anderson,* 265 F.Supp.2d 952, 960 (N.D.Ind 2003)(*Heck* precludes retaliation claim). The plaintiff cannot proceed with his retaliation or due process claim until he can demonstrate the disciplinary ticket was expunged.

The court notes that while the plaintiff was found not guilty of the criminal charge, this does not impact the finding of guilt in the disciplinary hearing since there are different burdens of proof. Furthermore, any claim alleging his due process rights

were violated in the second, repetitive disciplinary hearing is moot because the ticket and discipline was expunged.

    IT IS THEREFORE ORDERED that:

1)     The plaintiff's motion for leave to file an amended complaint [7] is granted.

2)     The plaintiff's amended complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed.

3)     This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the plaintiff's strike in the three-strike log.

4)     The plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

5)     If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

    ENTERED: August 13, 2014.

    FOR THE COURT:

                      /s/ Harold A. Baker
                _____
                      HAROLD A. BAKER
                UNITED STATES DISTRICT JUDGE